UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JONATHAN and SHELLY MACLEAN,             No. 04-12764

                     Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                     Plaintiff(s),

          v.                                    A.P. No. 05-1031

DOUGLAS and JUDITH MACLEAN,

                     Defendant(s).
_____/

Memorandum on Motions for Summary Judgment
_____

       This adversary proceeding relates to the real property at 59 Mercury Drive, Tiburon, California. Debtors Jonathan and Shelly MacLean scheduled the property as theirs and claimed it as exempt even though title was in the name of John's parents, defendants Douglas and Judith MacLean. A creditor and the Chapter 7 trustee, plaintiff Jeffry Locke, objected to the exemption.

       Responding to the objection, Jonathan MacLean filed a declaration stating that he placed the property in his parents' name knowingly for the purposes of obtaining refinancing. Based on his

1

admission, the court found that the transfer was voluntary and the exemption would not be allowed if the property was restored to the estate by action of the trustee. In this adversary proceeding, the trustee seeks to recover the property. No order has as yet been entered on the exemption issue.

Defendants now seek summary judgment based on the vaguest of asserted facts as to what happened. Speaking cryptically in the passive voice, Jean MacLean declares only that the deed "was recorded" without saying who recorded it or why. She and her husband further argue that the Trustee is "judicially estopped" from denying that the deed was an accident because they argued that the transfer was voluntary when objecting to the debtors' exemption.

First of all, the court did not "determine" anything as to the exemption; there has been no order. Its *finding* that the transfer was voluntary was based on the admissions of Jon MacLean, not the arguments of the parties.

Second, the equitable doctrine of judicial estoppel is only properly invoked if the court finds that a party with full knowledge of the facts is playing "fast and loose" with the court. It is not a mechanical "gotcha" to be imposed on a trustee who comes into a case with no factual background and whose legal positions may properly change as more facts are discovered. Defendants have shown no basis for equitably applying the doctrine to the Trustee here.

It appears to the court that resolution of this adversary proceeding depends on a factual determination as to exactly who recorded the deed and why. While both sides now seem to agree that the property is property of the bankruptcy estate, a specific finding as to exactly what happened appears necessary to determine defendants' right to revival of their lien pursuant to § 548(c) of the Bankruptcy Code.

The court admits to complete frustration with defendants' motion. They argue the deed is a nullity so they are entitled to all the proceeds of sale. The court has no idea, even after reviewing their memorandum at least half a dozen times, how they get from their argument to their conclusion. Plaintiff has failed to shed light on the situation, except to note that factual issues remain as to his claims for damages for violation of the automatic stay so that he is not entitled to a ruling on his motion because it

2

1 does not entirely dispose of the case.

2      Both motions will accordingly be denied. The court insists on an evidentiary hearing to
3 determine how the deed got recorded and will call Jon MacLean as a witness if the parties fail to do so.
4 The court will make a final determination as to exemption rights at the same time if the parties wish it.

5 Dated: January 6, 2006

                                      Alan Jaroslovsky
                                      U.S. Bankruptcy Judge

3