UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JONATHAN and SHELLY MACLEAN,                  No. 04-12764

                 Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                 Plaintiff(s),

         v.                                    A.P. No. 05-1031

DOUGLAS and JUDITH MACLEAN,

                 Defendant(s).
_____/

Memorandum After Trial
_____

       This adversary proceeding relates to the real property at 59 Mercury Drive, Tiburon, California. Before its sale, the property was the home of debtors Jonathan and Shelly MacLean. The debtors had borrowed a considerable amount of money from defendants Douglas and Judith MacLean, parents of Jonathan, and secured the obligation with a deed of trust to the home.

       At the Jonathan and Shelly filed their Chapter 7 petition, record title to the home was in the name of Douglas and Judith. There is conflicting evidence as how this came to be. All parties agree that

1

transfer of title to Douglas and Judith was contemplated as a means of refinancing the property, as Douglas and Judith could qualify for a lower interest rate. All parties also agree that an escrow was opened for this purpose and a deed prepared. All parties now agree that the deed was "somehow" recorded by mistake even though the refinancing escrow was canceled. However, Jonathan had filed a prior declaration in which he stated that he and his wife "placed my parents on title." While the evidence clearly established that Douglas and Judith were surprised to learn that the property had been deeded to them, the evidence was ambiguous as to whether the deed was recorded due to a mistake by the escrow holder or voluntary act of Jonathan and Shelly.

Jonathan and Shelly disclosed the state of title to the Chapter 7 Trustee, plaintiff Jeffry Locke. However, they thereafter treated the property as their own and entered into an agreement to sell it without first obtaining an order deeming the property abandoned. At the request of the realtor, Douglas and Judith signed the sale papers even though they knew about the bankruptcy and knew the property was not supposed to be in their name. When the Trustee learned of the sale, he demanded that Douglas and Judith cease all efforts to sell the property. When they failed to acquiesce, he filed this adversary proceeding and recorded a *lis pendens*. Thereafter, the parties stipulated to sale of the property and reconveyance of Douglas' and Judith's deed of trust, with their interest transferred to the proceeds.

Divining the parties' intent and the effect of the recorded deed could be a difficult task in this matter. While it appears that Douglas and Judith did not know the property had been deeded to them, there is evidence of their acceptance, and possible merger of their deed of trust into the fee interest, in that they failed to record a Notice of Nonacceptance as provided by California Civil Code § 1058.5 and thereafter exercised dominion over the property by entering into an agreement to sell it. However, the parties have entered into a tacit stipulation (by making the same argument) that the deed is to be given no effect. The court will give effect to this stipulation, only noting that the evidence is by no means clear.

Since the deed is to be disregarded, the only remaining issue is how much of the proceeds belong to Douglas and Judith. The note secured by their deed of trust provided for neither interest nor attorneys' fees, and their own accounting shows that as of the date of filing they were due $232,940.00.

2

They are therefore entitled to this amount from the proceeds of sale, less any damages they owe to the Trustee for violation of the automatic stay.[1]

Since the parties have agreed that the deed to Douglas and Judith was not valid, the property was at all relevant times property of the estate. Accordingly, Douglas and Judith violated § 362(a)(3) of the Bankruptcy Code when they signed the sale papers and failed to comply with the Trustee's lawful demands that they disavow the sale, despite being given the opportunity to do so. These acts were clearly wrongful acts to exercise control over property of the estate. While the court has no doubt that they were committed through ignorance and without malice, they were nonetheless wrongful and caused the bankruptcy estate unnecessary expense to set right. The Trustee has requested only $2,526.50, which the court finds to be a very modest and entirely reasonable sum to compensate the estate.

For the foregoing reasons, the court will order that from the proceeds of the sale not subject to an interest of higher priority than the deed of trust the Trustee shall recover $2,526.50 as damages for violation of the automatic stay and Douglas and Judith will thereafter be paid the balance up to $230,413.50. The Trustee shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Trustee shall submit an appropriate form of judgment forthwith.

Dated: January 23, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The deed of trust does provide for attorneys' fees, but only as necessary to protect the security interest. Since both sides concede the validity of deed of trust, this provision does not come into play.